UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-0076 DOC (RNBx)                                       Date: January 18, 2011

Title: MARIA L. RODRIGUEZ et. al. v. BANK OF AMERICA, N.A., ASSOC. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' *Ex Parte* Application for Temporary Restraining Order ("TRO Application") (Docket 4) and Plaintiffs' *Ex Parte* Application for Preliminary Injunction and to Stay Eviction ("Preliminary Injunction Application") (Docket 3). For the following reasons, the Court hereby DENIES the TR) Application and the Preliminary Injunction Application.

I.  BACKGROUND

Plaintiffs Maria L. Rodriguez and Raul Albarran Aguilar ("Plaintiffs") filed a Complaint against Defendants Bank of America, N.A. Association and First American Loan Star ("Defendants") listing purported causes of action under the following federal statutes: 15 U.S.C. § 1635, 12 C.F.R. § 226, 12 U.S.C. § 2601. Plaintiffs also assert a claim to "quiet title" and a claim under California Unfair Business Practices law. The dispute appears to center on the ownership of property located at 25182 Pizarro Road, Lake Forest, CA 92630 ("Subject Property"). With the instant Application, Plaintiffs request that the Court "restrai[n] and enjoi[n] defendants ... from engaging in or performing any act to deprive Plaintiffs' of ownership or possession of their real property, including but not limited to, unlawful detainer, eviction, selling Plaintiffs' home to third parties, recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiffs of ownership or possession of the [Subject Property]." Pl.'s App. at 1-2.

II.  LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a

drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952).  Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").  Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).  Alternatively, Courts have discretion to grant TRO's where "a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips strongly in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, - - F.3d - - -, 2010 WL 2926463 at *7 (9th Cir. 2010).

### III. DISCUSSION

**TRO Application**

Plaintiffs' TRO Application is properly denied because Plaintiffs have failed to show the possibility of irreparable injury if temporary relief is not granted.  Plaintiff appears to file the instant application out of Plaintiff's speculative concern that a foreclosure sale will occur.  However, Plaintiffs do not allege that a foreclosure sale is even scheduled, let alone provide the Court with a date for any such a sale.  "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiffs have thus failed to show that they are entitled to the drastic remedy of emergency injunctive relief.

**Preliminary Injunction Application**

Plaintiffs' Preliminary Injunction Application is denied for the same reasons as set forth above. Plaintiffs' Preliminary Injunction Application is further denied because Plaintiffs' have not established the need for *ex parte* relief.  Should Plaintiffs' wish to refile its Preliminary Injunction Application, they should proceed according to a regularly noticed motion schedule.

### IV. DISPOSITION

Accordingly, Plaintiffs' TRO Application and Preliminary Injunction Application are hereby DENIED.
The Clerk shall serve this minute order on all parties to the action.